360 F.2d 596
 Marion Frank CRAWFORD, Appellant,
v.
K. B. BAILEY, Warden of Central Prison, Lee Bounds, Director
of Prisons of theState of North Carolina, and Dan
K. Moore, Governor of the State of
NorthCarolina, Appellees.
 No. 10477.
 United States Court of Appeals Fourth Circuit.
 Argued May 3, 1966.
Decided May 6, 1966.
 
 M. C. Burt, Jr., Durham, N.C. (McKissick & Burt, Durham, N.C., on brief), for appellant.
 Theodore C. Brown, Jr., Asst. Atty. Gen. of North Carolina (Thomas Wade Bruton, Atty. Gen. of North Carolina, on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and FIELD, District Judge.
 PER CURIAM.
 
 
 1
 This North Carolina prisoner sought habeas corpus in the District Court before he had exhausted available state postconviction remedies. An order was entered holding the petition in abeyance, but staying the execution of the death penalty to enable the prisoner to seek relief in the state courts. Jurisdiction was retained.
 
 
 2
 After exhaustion of state remedies, the prisoner's retained counsel filed a pleading entitled 'Amended Petition,' in which the exhaustion of state remedies was alleged, but which did not repeat the allegations of the first petition upon which the claim to a right to habeas corpus relief was premised. The District Judge did not treat the 'Amended Petition' as a supplemental pleading, but, applying the rule that an amended petition had to be sufficient within itself, entered an order dismissing it for failure to state a claim upon which relief could be granted.
 
 
 3
 Inexplicably, counsel for neither party did anything to untangle the snarl in the District Court. With relative ease, counsel for the prisoner could have filed another petition in the District Court, or a supplemental pleading, and promptly obtained the hearing that was sought. Instead, he took an appeal to this Court, complaining of the dismissal of the 'Amended Petition.' The Attorney General for the state undertook to support the order of dismissal, though he must have known that if that order was either affirmed on appeal or reversed, the prisoner could readily obtain the hearing he sought by filing a new petition or a supplemental pleading in the pending case. No one suggested to the District Judge that he treat the amended petition as a supplemental pleading; no one sought to change its caption or to procure the filing of another supplemental pleading that would have avoided the technical difficulty the District Court's order posed.
 
 
 4
 The result has been a substantial wastage of time, money and effort on the part of the parties, this Court and counsel, and the presentation of a hollow, academic question.
 
 
 5
 The District Court's order was technically correct. The 'Amended Petition' states no ground for relief, but clearly the prisoner is entitled to the allowance of an amendment to designate the pleading as a supplemental petition and to incorporate in it by reference the allegations of the earlier, pending petition.
 
 
 6
 The order of dismissal of the amended petition is vacated and the case remanded to the District Court, with instructions to allow the filing of a supplemental petition alleging exhaustion of state remedies and incorporating by reference the allegations of the earlier petition which contains the allegations forming the basis of the claim for habeas corpus relief. If such a supplemental pleading is not tendered within fourteen days of the date the mandate goes down, the District Court shall have leave to dismiss the pending proceeding, though such a dismissal would be without prejudice, of course, to the filing of a new petition, which, within itself, would be complete.
 
 
 7
 The certified judgment in lieu of a mandate shall go down forthwith.
 
 
 8
 Vacated and remanded.